UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN VOUGHT

    Plaintiff,

-vs-                                                  Case No. 2:16-cv-12753
                                                            Hon. _____

EQUIFAX INC.,

    Defendant.

_____/

**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DAMAGES AND DEMAND FOR JURY TRIAL**

NOW COMES, the Plaintiff, JUSTIN VOUGHT, through his attorneys at FRANK D. EAMAN PLLC., by Suzan Gabbara, and pursuant FRCP 65, move this Court for an order enjoining the Defendant, EQUIFAX INC. from listing negative information on the Plaintiff's Credit Report regarding erroneous Tax Liens by the Oakland County Register of Deeds pending this Court's ruling on the merits on the following grounds:

**JURISDICTIONAL ALLEGATIONS**

1. The Plaintiff, Justin Vought, is a resident of Oakland County, Michigan, and an adult citizen of the United States.

2. The Defendant is a foreign corporation with a resident agent in East Lansing, Michigan.

3. This Court has original jurisdiction to hear the Complaint and adjudicate the Plaintiff's claim pursuant to there being a federal question pursuant to violations under the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681.

4. Venue is proper in this Court because the event or omissions giving rise to this claim occurred in this district and Defendant is subject to personal jurisdiction.

## FACTUAL ALLEGATIONS

5. On May 25, 2016, the Plaintiff mailed a letter to the Defendant informing them of negative information regarding Tax Liens out of the Oakland County Register of Deeds being reported on his Equifax Credit Report. (See attached letter as Exhibit A)

6. The Plaintiff included two certificates of withdrawals regarding the liens in question, dated April 20, 2016 from the Oakland County Register of Deeds, and requested that the negative information be immediately deleted from his credit report. (See attached certificates as Exhibit B)

7. On June 10, 2016, the Defendant mailed investigation results to the Plaintiff claiming that the liens were verified as belonging to the Plaintiff. (See attached notice as Exhibit C)

8. On June 13, 2016, the Plaintiff mailed another letter to the Defendant, stating that they failed to provide him with a copy of any viable evidence submitted by Oakland County Register of Deeds as to the validity of these tax liens; which was contradictory to what was provided by the Plaintiff to the Defendant with respect to the withdrawals of said tax liens by the Oakland County Register of Deeds in Exhibit B.  (See attached letter as exhibit D)

9. On June 21, 2016, the Defendant again mailed a notice claiming that the liens are currently reporting as released.  (See attached notice as Exhibit E)

10. On June 23, 2016 the Plaintiff mailed another letter to the Defendant with regards to their reporting error and his notice of filing of a small claims lawsuit, which was later rejected for an improper filing.  (See attached letter and small claims affidavits as Exhibits F)

**WILLFUL VIOLATIONS OF THE FCRA BY THE DEFENDANT**

11. Pursuant to the FCRA the Defendant must maintain reasonable procedures to ensure the maximum possible accuracy of the information contained within a consumer's report. 15 U.S.C. § 1681n.

12. The Defendant must further provide the Plaintiff with information about him in the agency's files and take steps to verify the accuracy of information disputed by him. 15 U.S.C. § 1681i

13. It is apparent, based on the Defendant's response to the Plaintiff's dispute of said tax liens that a proper investigation and validation of the liens was not conducted by the Defendant.

14. Had the Defendant properly verified the accuracy of the disputed liens by the Plaintiff, the Defendant would have removed the liens because of the certificate of withdrawals provided from the Oakland County Register of Deeds in Exhibit B; which show that the liens should have never existed in the first place.

### DAMAGES TO THE PLAINITFF AND THE NEED FOR A TEMPORARY RESTRAINING ORDER, PERLIMINARY INJUCTION, AND PERMANENT INJUNCTION

15. The Defendant's failure to remove this negative information from the Plaintiff's Equifax Credit Report, has caused and will continue to cause the Plaintiff damage.

16. The Plaintiff is seeking to obtain a loan from Huntington Bank in the amount of $130,000.

17. As a result of this negative reporting, the Plaintiff's loan has been denied, and as such he has suffered damages in the amount of $130,000. (See attached letter from Huntington Bank as Exhibit G)

18. The Defendant is still erroneously reporting the liens on the Plaintiff's credit report despite the numerous attempts and certificates of withdrawals provided by the Plaintiff to the Defendant, while the other two major reporting agencies, Experian and TransUnion removed these tax liens from the Plaintiff's credit reports.  (See Relevant excerpts from Credit Reports attached as Exhibit H)

19. The failure to remove these erroneous tax liens from the Plaintiff's credit report by the Defendant has caused and will continue to cause the Plaintiff immediate and irreparable injury, loss, or damage.

20. Counsel for the Plaintiff mailed a letter to the office of the Defendant's registered agent advising of this lawsuit and notice of Plaintiff's request for a Temporary Restraining Order, with a deadline of July 25, 2016 to respond.  (See letter attached as Exhibit I)

21. To this date, the Defendant has not responded to Counsel's letter or any of the previous attempts made by the Plaintiff to remove this negative information.

22. The Defendant has been given numerous opportunities by the Plaintiff and his attorney, to remove this negative information to no avail, and immediate action is necessary by this Court to prevent further damage to the Plaintiff.

RELIEF REQUESTED

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant the Plaintiff:

1. A temporary restraining order enjoining the Defendant from erroneously reporting said tax liens on the Plaintiff's Equifax credit report;

2. A hearing as soon as possible so that this Court may grant a temporary injunction and permanent injunction preventing Defendant from erroneous reporting of said tax liens.

3. An award in the amount $130,000 in actual damages, court costs, and attorney fees incurred as a result of the Defendant's actions.

4. Any other Relief this Court deems just.

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Dated: 07-25-16

JUSTIN VOUGHT

Respectfully Submitted,

/s/ SUZAN GABBARA
FRANK D. EAMAN, PLLC
Suzan S. Gabbara (P76633)
Attorney for Plaintiff
1441 E. Maple Rd. Ste. 304

|  |  |
|---|---|
| Dated: 07/26/2016 | Troy, MI  48083<br>gabbara@eamanlaw.com<br>(248) 633-2244 / (248) 420-2269 |

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a trial by jury.

|  |  |
|---|---|
|  | Respectfully Submitted,<br><br>/S/ SUZAN GABBARA<br>FRANK D. EAMAN, PLLC<br>Suzan S. Gabbara (P76633)<br>Attorney for Plaintiff<br>1441 E. Maple Rd. Ste. 304<br>Troy, MI  48083<br>gabbara@eamanlaw.com |
| Dated: 07/26/2016 | (248) 633-2244 / (248) 420-2269 |